Zimmerman, J.
The insurer contends that, under the quoted language of the policy, its liability either “to defend” or “to pay” is strictly limited to those injuries which might arise out of the actual rendition of professional services by the insured, and that the allegations of the petition in the case of Hirssig v. Michota, which must be accepted as true for the purposes of the present litigation, do not disclose an incident within the protection of the policy.
Opposing such position, the defendants make the claim that the quoted language of the policy is in broad and comprehensive terms and that, in conformity with the well established and universally recog *582 nized rule, any doubt or ambiguity with respect to the meaning of the phraseology employed in the policy must be resolved in favor of the insured and against the insurer, which prepared and issued the policy and collected a premium therefor, and that the injury described by Mrs. Hirssig in her petition brings the case within the policy provisions.
This court is of the opinion that the Court of Appeals was correct in its conclusion and judgments. The policy is entitled “Professional Liability Policy” and nowhere in the quoted language relied on is the liability of the insurer restricted to “malpractice.” Nor by the wording of the policy is liability thereunder confined to a failure on the part of the insured to exercise that standard of professional skill in the treatment of patients prescribed by law.
Prior to November 9, 1949, Mrs. Hirssig had been a patient of Michota. When on that date she entered the doctor’s office and in a treatment room thereof began to follow his precise instructions in preparing herself for his professional ministrations, the relationship of patient and doctor was clearly established. Her claimed injuries, according to the allegations of her petition, were due to the negligence of the doctor in failing to maintain apparatus employed by him in his practice of chiropody in a safe condition for her use as a patient.
The injury described was one “arising out of the practice of the insured’s profession” and also constituted “an injury resulting from professional services rendered or which should have been rendered.” Maintaining the treatment chair in a proper and safe condition for the accommodation of patients was a service or duty directly connected with the practice by Michota of his profession as a chiropodist, chiropody being a limited branch of medicine or surgery. See Section 1274-1, General Code.
*583 In accordance with the judgments of the Court of Appeals, the insurer, under the policy and with any doubt or ambiguity in the meaning or scope of the language used resolved in insured’s favor, is obliged to defend the action of Mrs. Hirssig against Michota, and, in the event of a verdict and final judgment against him upon evidence supporting substantially the averments of Mrs. Hirssig’s petition, the insurer is liable to pay on the doctor’s behalf, in satisfaction of the judgment, such sum as may be within the limits of the policy.
The judgments of the Court of Appeals are, therefore, affirmed.

Judgments affirmed.

Weygandt, C. J., Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.